IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN A. WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-252 (MN) |
| | ) |
| HON. JUDGE JEFFREY J. CLARK, et al., | ) |
| | ) |
| Defendants. | ) |

### **MEMORANDUM OPINION**

Kevin A. Walker, Howard R. Young Correctional Center, Wilmington, Delaware, Pro Se Plaintiff.

July 6, 2021
Wilmington, Delaware

**NOREIKA, U.S. District Judge:**

**I.    INTRODUCTION**

Plaintiff Kevin A. Walker ("Plaintiff"), a pretrial detainee at the Howard R. Young Correctional Institution filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). He also requests counsel (D.I. 7). This Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

**II.   BACKGROUND**

Plaintiff began probation on May 10, 2017 after conviction for felony driving-under-the-influence. *Walker v. State*, 205 A.3d 823, 824 (Del. 2019). On June 1, 2017, the State received a tip from a past-proven reliable informant that Plaintiff had heroin in his home that he planned to distribute. *Id*. On June 5, 2017, Delaware Probation and Parole conducted an administrative search of Plaintiff's residence. (D.I. 3 at 5); *Walker*, 205 A.3d at 824. The State brought criminal charges against Plaintiff. A suppression hearing was held on December 22, 2017, and the motion to suppress was granted. (*Id*.). Plaintiff alleges that on that day, the State "had no choice but to dismiss the [criminal] charges and after dismissal, the State decided to "vindictively violate Plaintiff's probation." (*Id*.). The Superior Court found that Plaintiff had violated the terms of his probation. *Walker*, 205 A.3d at 824. Plaintiff appealed. The issue addressed by the Delaware Supreme Court on appeal was whether evidence seized as a result of an unlawful administrative search of Plaintiff's residence should have been suppressed from use as evidence at his violation of probation hearing. *Walker v. State*, 205 A.3d at 824. On February 21, 2019, the Delaware Supreme Court held there was a statutory violation of 11 Del. C. § 4321(d) and that the suppression of evidence seized during the administrative search was warranted. *See Walker*, 205 A.3d at 824,

826. By the time the Delaware Supreme Court ruled, Plaintiff had served one year and six months. (*Id*.).

Plaintiff alleges that Defendant Judge Jeffrey J. Clark ("Judge Clark") allowed the State to use evidence from the fruit of the poisonous tree to file violation of probation charges against Plaintiff. (*Id*. at 6). He alleges that Defendant Deputy Attorney General Gregory Babowal ("Babowal") illegally obtained evidence a second time to prosecute Plaintiff on violation of probation charges. (*Id*.). Plaintiff alleges that Defendant Probation Officer Ellen McCullough ("McCullough") used the evidence that was found to be the fruit of the poisonous tree when she added a false statement in her violation report and defamed Plaintiff by stating that he had placed illegal drugs in his anus. (*Id*.). He also alleges that McCullough did not try to comply with Delaware Probation Procedure 7.19 before invading his privacy. (*Id*.).

### III.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be

held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. Apr. 27, 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. **DISCUSSION**

Each Defendant is immune from suit. Judge Clark has judicial immunity. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all

4

jurisdiction.'". *Id.* (citations omitted). The Complaint contains no such allegations and it is clear that the allegations against Judge Clark relate to actions he took as a judge.

Babowal is also immune from suit. Prosecutors are "absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case . . . insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430, 431 (1976)). "[A]bsolute prosecutorial immunity extends to all prosecutorial functions and activities, *i.e.* those in which the prosecutor is engaged in typical prosecutorial functions, even if the prosecutor acted willfully, maliciously or in bad faith." *White v. Green*, Civ. A. No. 09-1219, 2009 WL 2412490, at *3 (E.D. Pa. Aug. 4, 2009) (citing *Imbler*, 424 U.S. at 430). This immunity encompasses the "alleged knowing use of false testimony at trial and the alleged deliberate suppression of exculpatory evidence." *Burns*, 500 U.S. at 486. The allegations indicate that Babowal's actions were taken in connection with his decision to charge Plaintiff with violation of probation and, therefore, he is absolutely immune from liability in connection with Plaintiff's claims.

Finally Probation Officer Ellen McCullough is immune from suit. The Third Circuit has extended civil damages immunity to probation officers who allegedly include false statements in reports.[1] *See Williams v. Hepting*, 844 F.2d 138, 142–43 (3d Cir. 1988) (citing *Tripati v. INS*, 784 F.2d 345, 348 (10th Cir. 1986) (immunity extended to probation officers who allegedly include false statements in pretrial bond reports and presentence reports). In addition, McCullough has witness immunity. Witnesses are immune from § 1983 liability where the claim is based on

---

[1] To the extent Plaintiff alleges McCullough violated his rights by violating Probation Procedure Rules, the claim fails. *See e.g.*, *Tennille v. Quintana*, 443 F. App'x 670, 672 n.2 (3d Cir. 2011) (violation of prison regulations in itself is not a constitutional violation).

5

allegations of perjury, either at trial or during pretrial proceedings. *See Rehberg v. Paulk*, 566 U.S. 356, 367 (2012) ("[A] trial witness has absolute immunity [from suit under § 1983] with respect to any claim based on the witness' testimony."); *McArdle v. Tronetti*, 961 F.2d 1083, 1085 (3d Cir. 1992) (witness immunity applies to testimony given at pretrial hearings as well as to trial testimony).

Amendment is futile as to all federal claims. Because all federal claims will be dismissed, this Court exercises its discretion and declines to exercise supplement jurisdiction over the defamation claim raised against McCullough. *See* 28 U.S.C. § 1367; *see De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003); *Sarpolis v. Tereshko*, 625 F. App'x 594, 598-99 (3d Cir. 2016).

### V. **CONCLUSION**

For the above reasons, the Court will (1) deny as moot Plaintiff's request for counsel (D.I. 7); (2) dismiss the Complaint as all Defendants are immune from suit pursuant 28 U.S.C. § 1915(e)(2)(B)(iii) and 1915A(b)(2); and (3) decline to exercise supplemental jurisdiction over State law claims. Amendment is futile.

An appropriate Order will be entered.